IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MICHIGAN
WESTERN DIVISION

| | |
|---|---|
| MERIT MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASPEN SURGICAL PRODUCTS, INC. <br><br> Defendant. | Civil Action No. <br> 1:05CV0040 <br><br> Judge _David W. McKeague_ <br> U.S. District Judge <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Merit Medical Systems, Inc. ("Merit") complains of defendant Aspen Surgical Products, Inc. ("Aspen") and alleges the claims for relief set forth hereinafter.

## PARTIES, JURISDICTION AND VENUE

1. Merit is a Utah corporation having a principal place of business at 1600 West Merit Parkway, South Jordan, Utah 84095, and does business in this judicial district.

2. Aspen is a Michigan corporation doing business in this judicial district, and has a principal place of business at 6945 Southbelt Drive SE, Caledonia, Michigan.

3. This is a civil action brought by Merit for patent infringement committed by defendant Aspen and arising under the patent laws of the United States, more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284, and 285. Jurisdiction of this court is founded upon 28 U.S.C. §§ 1331 and 1338 (a).

4. This is also a civil action for trade dress infringement brought pursuant to 15 U.S.C. §§ 1121, 1125, *et seq.* This Court has subject matter jurisdiction over such claims pursuant to 15 U.S.C. § 1121, *et seq.*

5. The state law claims alleged herein share a common nucleus of operative fact with the claims asserted based on federal statutes and are so related to the federal claims that they form part of the same case or controversy under Article II of the United States Constitution. This Court therefore has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF '017 PATENT BY ASPEN

7. Merit hereby incorporates the allegations of paragraphs 1-6 of this Complaint into the First Claim for Relief as though fully set forth herein.

8. Merit is the owner by assignment of U.S. Patent No. 6,719,017 ("the '017 patent"). A true and correct copy of the '017 patent is attached hereto as Exhibit A.

9. The '017 patent is directed to a waste collection system including, among other things, a vent associated with the upper rim of a chamber that is part of the system.

10. The '017 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

11. Aspen has sold and/or offered to sell products falling within the scope of one or more of the claims of the '017 patent without license or authority from Merit in violation of Merit's rights, thereby directly infringing the '017 patent. Such infringing products include, but are not limited to, a product manufactured by Aspen Surgical Products, Inc. and sold under the trade name "Aspenbasin."

12. Upon information and belief, Aspen has had and continues to have notice of the existence of the '017 patent and despite such notice continues to willfully, wantonly and

2

deliberately engage in acts of infringement as that term is defined in 35 U.S.C. § 271, without regard to the '017 patent, and will continue to do so unless otherwise enjoined by this Court.

13. Merit has been and will continue to be damaged by the infringing conduct of defendant Aspen, in an amount to be established upon proper proof at trial.

14. Unless and until defendant Aspen is enjoined from future infringement, Merit will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF MERIT TRADE DRESS BY ASPEN

15. Merit hereby incorporates all of the allegations of paragraphs 1-6 as though fully set forth in the Second Claim for Relief.

16. Merit was founded in 1987. Since that time, Merit has developed, manufactured and marketed innovative high quality medical devices primarily for diagnosing and treating cardiovascular and vascular disease. Merit offers products that address a wide range of needs related to cardiology and radiology procedures performed in hospitals in the United States and throughout the world. Merit has worked since its inception to educate health care professionals as to the benefits and safe use of its products and as a result has developed a reputation as a supplier of high quality, safe and reliable products.

17. Since 1993, Merit has manufactured and sold a product sold under the trade name "BackStop®." The Merit Backstop® is a safety basin designed to safely and efficiently collect waste fluids generated in the course of medical procedures in a way that minimizes the risk of exposure of health care professionals to blood, body fluids and other wastes.

18. The Merit BackStop® product has a unique, non-functional trade dress that serves as an indicator of origin. Through advertising and sales, the trade dress of the BackStop® has

acquired secondary meaning and is recognized by purchasers and would be purchasers of waste disposal systems as designating origin. Photographs of the BackStop® are collectively attached hereto as Exhibit B.

19. Aspen has wrongfully misappropriated the trade dress of Merit's BackStop® product in that it has sold and offered to sell the Aspenbasin product with a trade dress that infringes the protected trade dress of the BackStop® system. Aspen's wrongful misappropriation of the trade dress of the BackStop® in the marketing and sale of the Aspenbasin product is deceptive and likely to cause mistake and confusion regarding whether the Aspenbasin product originates from Merit, is sponsored by or affiliated with Merit, and whether Aspen is affiliated with Merit.

20. Aspen's misappropriation of Merit's trade dress is a violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

21. Upon information and belief, Aspen has violated Merit's trade dress with willful and deliberate disregard for the rights of Merit.

22. As a direct and proximate result of Aspen's wrongful conduct, Merit has suffered and continues to suffer irreparable harm.

23. As a direct and proximate result of Aspen's wrongful conduct, Merit has suffered damages, in an amount not currently known, to be established upon proper proof at trial.

### THIRD CLAIM FOR RELIEF

#### State Law Unfair Competition

24. By this reference Merit realleges and incorporates the allegations of paragraphs 1-6 and 15-23 into this Third Claim for Relief as though fully set forth herein.

25. Aspen, by its actions set forth above, has caused a likelihood of confusion or of misunderstanding as to the source of its products, including but not necessarily limited to the Aspenbasin products, and has thereby engaged in a deceptive trade practice, pursuant to Mich. Stat. Ann. § 445.903.

26. Aspen's conduct as set forth above gives rise to a cause of action for unfair competition and related wrongs under the statutory and common laws of the State of Michigan.

27. On information and belief, Aspen has engaged in unfair competition against Merit in willful and deliberate disregard of the rights of Merit and the consuming public.

28. By reason of Aspen's acts of unfair competition, Merit has suffered damages and irreparable harm.

29. By reason of the foregoing, Merit is entitled to injunctive and monetary relief against Aspen, pursuant to at least Mich. Stat. Ann. § 445.903, in an amount to be established upon proper proof at trial.

**PRAYER FOR RELIEF OF THE COMPLAINT**

WHEREFORE, Merit prays for judgment against Aspen as follows:

A. for judgment holding defendant Aspen liable for infringement of the '017 patent;

B. for an award of damages adequate to compensate Merit for the infringement of the '017 patent by Aspen, including treble damages and all other categories of damages allowed by 35 U.S.C. § 284;

C. for an award of damages adequate to compensate Merit for the infringement by Aspen of Merits trade dress;

D. for injunctive relief enjoining defendant Aspen, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

(i) from using, manufacturing, offering to sell or selling any products falling within the scope of the claims of the '017 patent;

(ii) from importing any product into the United States which falls within the scope of the '017 patent;

(iii) from actively inducing others to infringe any of the claims of the '017 patent;

(iv) from engaging in acts constituting contributory infringement of any of the claims of the '017 patent;

(v) from all other acts of infringement of any of the claims of the '017 patent;

(vi) from all acts of infringement of Merit's trade dress for the BackStop® product.

(vii) from engaging in unfair competition with Merit; and

(viii) requiring Aspen to destroy or deliver up for destruction all infringing products, all materials promoting the infringing products, and, to the extent in the possession or control of Aspen, all molds from which infringing products have been made and all packaging for the infringing products.

E. that this be declared an exceptional case and that Merit be awarded its attorneys fees against defendant Aspen pursuant to 35 U.S.C. § 285;

F. for an award of Merit's costs of this action; and

6

G.  For such further relief as this Court deems Merit may be entitled to in law and in equity.

## JURY DEMAND

Merit hereby demands a trial by jury of those issues triable to a jury as a matter of right.

DATED this \_\_14th\_\_ day of January, 2005.

>PRICE, HENEVELD, COOPER,
>DeWITT & LITTON, LLP
>
>By: _____
>JAMES A. MITCHELL
>EUGENE J. RATH III
>695 Kenmoor, S.E., P.O. Box 2567
>Grand Rapids, MI 49501
>Telephone: (616) 949-9610
>
>WORKMAN NYDEGGER
>BRENT P. LORIMER
>THOMAS R. VUKSINICK
>DAVID R. TODD
>1000 Eagle Gate Tower
>60 East South Temple
>Salt Lake City, Utah 84111
>Telephone: (801) 533-9800
>*Attorneys for Plaintiff*