UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MERIT MEDICAL SYSTEMS, INC.,
    Plaintiff,

Case No. 05-0040
Hon. Bernard A. Friedman

v.

ASPEN SURGICAL PRODUCTS, INC.,
    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

**I.**    **Introduction**

Plaintiff, Merit Medical Systems, Inc. ("Merit"), has filed a Motion for Reconsideration of the Court's Order Granting Aspen's Motion for Partial Summary Judgment of Non-Infringement of Claims 22 and 42.

In its motion, Merit contends that the Court's Order Granting Aspen's Motion for Partial Summary Judgment of Non-Infringement of Claims 22 and 42 ("the Order") contains palpable defects that, when corrected, would require a different result. Specifically, Merit argues that the Order fails to examine Merit's infringement claim under the doctrine of equivalents, and also contains legal errors related to claim interpretation.

Pursuant to W.D.Mich. L.R. 7.2(d), the Court will decide this motion without oral argument.

**II.**    **Standard of Review**

Western District of Michigan Local Rule 7.4(a) addresses motions for reconsideration, directing that:

1

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof.

"A party moving for reconsideration bears a heavy burden." Wrench, LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D.Mich. 1998). Merit has not met its burden.

**III.     Analysis**

Merit bases its motion for reconsideration on two primary arguments: 1) The Court's order fails to address infringement under the doctrine of equivalents; and 2) The Court's claim interpretation represents palpable error that requires a different result when corrected.

**A.     Doctrine of Equivalents Argument**

Merit first argues that the Order failed to address the doctrine of equivalents. The doctrine of equivalents was first raised by Aspen in its motion for summary judgment as an attempt to preemptively counter an argument that Aspen thought Merit might make in its response brief. Merit did not make such an argument, and as such, Aspen's preemptive counter-arguments in its motion were not considered.

Merit now raises the issue of the doctrine of equivalents in its motion for reconsideration. Merit's arguments are misplaced. Had Merit felt that the doctrine of equivalents offered a persuasive legal argument in its favor, then such issue should have been thoroughly addressed in the multiple briefs and supplemental briefs that were filed in this matter.

Merit's failure to address this argument in its response brief, or any of its other briefs, constitutes waiver or abandonment of the argument. Posthumus v. Board of Education of Mona Shores Public Schools, 380 F.Supp.2d 891, 902 (W.D.Mich. 2005). A motion for

2

reconsideration may not be used to raise issues that could have been raised in the previous motion. Aero-Motive Co. v. Great American Ins., 302 F.Supp.2d 738, 740 (W.D.Mich. 2003). Here, Merit attempts to make arguments and raise issues that it neglected in its original briefs. Merit's arguments may not be upheld, and the Court will not grant its motion for reconsideration on this basis.

### B.     Claim Interpretation Argument

Merit next argues that the Court's claim interpretation represents palpable error that requires a different result when corrected. Merit's argument does not demonstrate palpable error, and only serves to repeat those arguments it made in its original briefing. The Court will not consider arguments "which merely present the same issues ruled upon by the Court." W.D.Mich.L.R. 7.4(a).

### IV.    Conclusion

Accordingly, for the reasons stated herein,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.


Dated:  March 12, 2007                    ____s/Bernard A. Friedman_____
        Detroit, Michigan                 BERNARD A. FRIEDMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman